UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ADRIAN HINES, | |
| Petitioner, | |
| v. | CAUSE NO. 3:20-CV-697-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Adrian Hines, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-20-4-203) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of impairing surveillance in violation of Indiana Department of Correction Offense 209. Following a disciplinary hearing, he was sanctioned with a loss of one hundred twenty days earned credit time.

Hines argues that he is entitled to habeas relief because a correctional officer issued the conduct report in retaliation for Hines sending the correctional officer an informal grievance in which he accused the correctional officer of unprofessional conduct. "Prisoners are entitled to be free from arbitrary actions of prison officials. The protections against this arbitrary action, however, are the procedural due process requirements as set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974)." *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984) "[R]etaliatory motive in the filing of a disciplinary charge is not a ground for relief if the subsequent disciplinary proceedings are held in

accordance with due process." *Lee v. Berge*, 14 F. App'x 690, 693 (7th Cir. 2001). Therefore, a retaliatory motive, by itself, is insufficient to warrant habeas relief.

Hines argues that he did not receive procedural due process because the hearing officer denied two requests for evidence. The hearing officer refused to allow Hines to present the informal grievance sent by Hines to the correctional officer who issued the conduct report. The hearing officer also refused to obtain a witness statement from a lieutenant who would have corroborated that Hines had sent the informal grievance to the correctional officer. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* "[P]rison disciplinary officials need not permit the presentation of irrelevant or repetitive evidence in order to afford prisoners due process in disciplinary proceedings." *Scruggs v. Jordan*, 485 F.3d 934, 939–40 (7th Cir. 2007).

According to the hearing report, Hines testified that the correctional officer issued the conduct report in retaliation for a grievance and that he did not have a curtain to impair surveillance. ECF 8-5. The hearing officer denied the requests for evidence on the basis that they were irrelevant to charges in the conduct report. *Id.* The court finds that the hearing officer did not abuse his discretion in denying these requests. The submission of the informal grievance was adequately introduced through

2

Hines' testimony as an uncontroversial and undisputed fact, rendering additional evidence to support that fact unnecessary. Further, the requested evidence had only a tenuous connection to the hearing's focus on whether Hines impaired surveillance by hanging a curtain. Therefore, the argument that the hearing officer denied evidentiary requests is not a basis for habeas relief.

Because Hines has not asserted a valid claim for habeas relief, the habeas petition is denied. If Hines wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Adrian Hines leave to proceed in forma pauperis on appeal.

SO ORDERED on December 22, 2020

s/ Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge